# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# Camden Vicinage

| | |
|---|---|
| ELIZABETH ROACH, | CIVIL ACTION NO. _____ |
| Plaintiff, | |
| v. | |
| ALLSTATE NEW JERSEY INSURANCE COMPANY, JOHN DOE (1-10) FICTITIOUS NAMES, and JOHN DOE, INC. (1-10) FICTITIOUS NAMES, | |
| Defendants. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Allstate New Jersey Insurance Company ("Allstate") hereby timely removes the above-captioned action from the Superior Court of New Jersey, Law Division, Cape May County, to the United States District Court for the District of New Jersey. As grounds for removal, Allstate respectfully states as follows:

## BACKGROUND

1. Plaintiff Elizabeth Roach filed her initial Complaint in the Superior Court of New Jersey for Cape May County on March 8, 2023. A copy of the Complaint and the Track Assignment Notice is attached hereto as **Exhibit 1**.

2. The Complaint alleges that Allstate's handling of Plaintiff's underinsured motorist ("UIM") claim amounts to bad faith under the New Jersey Insurance Fair Conduct Act ("IFCA") and the common law.

3. Allstate acknowledged service of the Complaint on March 22, 2023. *See* **Exhibit 2**.

## BASIS FOR REMOVAL

4. This action is removable pursuant to 28 U.S.C. § 1441.

5. Venue in this Court is proper under 28 U.S.C. §§ 1441 and 1446(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

6. Pursuant to 28 U.S.C. § 1446, Allstate has timely removed this action because this Notice of Removal is filed within 30 days after service of the Complaint.

7. The United States District Court for the District of New Jersey has subject matter jurisdiction over this action based on the diversity of the parties and the amount in controversy pursuant to 28 U.S.C. § 1332. Therefore, Plaintiff's claims may be removed to the United States District Court for the District of New Jersey.

## BASIS FOR DIVERSITY JURISDICTION

8. Federal courts have diversity jurisdiction of civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

**A.     Diversity of Citizenship**

9. There is complete diversity between Plaintiff and Allstate in this action.

10. Plaintiff is an individual and citizen of the State of New Jersey residing at 22 Trotter Way, Cape May County, New Jersey.

11. Allstate is a corporation organized under the laws of Illinois.

12. Allstate's principal place of business is located in Northbrook, Illinois.

13. As such, for the purposes of diversity jurisdiction, Allstate is a citizen of the State of Illinois and Plaintiff is a citizen of the State of New Jersey.

14. Accordingly, this matter involves a dispute between citizens of different states.

**B.     Amount in Controversy**

15. In addition to diversity of citizenship, this action involves an amount in controversy in excess of $75,000, exclusive of interest and costs.

16. In cases removed to federal court, "determining the amount in controversy begins with a reading of the complaint filed in state court." *Vaccaro v. Amazon.com.dedc, LLC*, No. CV 18-11852(FLW), 2019 WL 1149783, at *4 fn. 6

(D.N.J. Mar. 13, 2019) (quoting *Samuel-Bassett v. Kia Motors Corp.,* 357 F.3d 392, 398 (3d Cir. 2004)).

17. Here, Plaintiff's Complaint alleges that Allstate acted in bad faith in violation of the IFCA and common law by unreasonably delaying or denying UIM benefits under her Allstate policy, which includes UIM coverage in the amount of $250,000. *See* Complaint at ¶¶ 8, 19, 21-22. Under the IFCA, an insured that establishes bad faith may be entitled to recover "actual damages caused by the violation of this act which shall include, but need not be limited to, actual trial verdicts that shall not exceed three times the applicable coverage amount" and "pre- and post-judgment interest, reasonable attorney's fees, and reasonable litigation expenses." N.J.S.A. 17:29BB-3.d.

18. While Allstate denies that Plaintiff is entitled to recover any amount, in light of the allegations in the Complaint, it is clear that the jurisdictional requirement of 28 U.S.C. § 1332(a) is satisfied. When the allegations are considered, it cannot be concluded with "legal certainty" that Plaintiff cannot recover more than $75,000.00. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (removal is proper unless it is a "legal certainty" that the plaintiff *cannot* recover more than the jurisdictional amount of $75,000).

## OTHER PROCEDURAL MATTERS

19. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state court action are filed with this Notice and are contained in **Exhibits 1 and 2**. The contents of **Exhibits 1 and 2** constitute the entire file of the action in the Superior Court of New Jersey for Cape May County.

20. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey for Cape May County and will be served on Plaintiff's counsel.

21. The requirements for removal under 28 U.S.C. §§ 1332, 1441, and 1446 have been met. If any questions arise as to the propriety of the removal of this action, Allstate requests the opportunity to brief this matter and provide further evidence as necessary to support its position that the case is removable.

22. By removing this action to this Court, Allstate does not waive any defenses that are available to it under applicable law.

Dated: April 20, 2023

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

/s/ Jeffrey A. Carr
Jeffrey A. Carr
Kristin H. Jones
Nicole E. Crossey
301 Carnegie Center, Suite 400
Princeton, New Jersey 08543-2576
(609) 452-0808
Jeff.Carr@Troutman.com
Kristin.Jones@Troutman.com
Nicole.Crossey@Troutman.com
*Attorneys for Defendant Allstate New Jersey Insurance Company*