OLIVER T. BARRY, ESQUIRE
BARRY, CORRADO & GRASSI, P.C.
2700 Pacific Avenue
Wildwood, New Jersey 08260
(P) (609) 729-1333 (F) (609) 522-4927
obarry@capelegal.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH ROACH,<br><br>　　　　Plaintiff,<br>v.<br><br>ALLSTATE INSURANCE COMPANY, JOHN DOE (1-10) FICTITOUS NAMES, and JOHN DOE, INC. (1-10) FICTITIOUS NAMES;<br><br>　　　　Defendants. | CASE NO: 1:23-CV-02210-RMB-EAP<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff, Elizabeth Roach, by way of Complaint against Defendants, hereby states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter, removed from the Superior Court of New Jersey Law Division by Defendant Allstate Insurance Company, pursuant to 28 U.S.C. 1332 on the grounds of diversity of citizenship as between the Plaintiff and Defendants and a claim for damages in excess of $75,000.

2. This district is the proper venue pursuant to 28 U.S.C. §1391(b) because the Plaintiff resides in the subject district and the underlying claim for Underinsured Motorist Benefits and resulting trial took place within the subject

district.

## THE PARTIES

3.  Plaintiff Elizabeth Roach is an adult individual currently residing in the County of Cape May, State of New Jersey.

4.  Defendant Allstate Insurance Company is a legal entity, registered to do business in the State of New Jersey, with a principal place of business located at 721 US Highway 202, 206 located in the City of Bridgewater, County of Somerset, State of New Jersey.

5.  John Doe (1-10) fictitious names are heretofore unidentified individuals who were negligent or otherwise responsible for the damages to plaintiff outlined herein.

6.  John Doe, Inc. (1-10) fictitious names are heretofore unidentified legal entities who were negligent or otherwise responsible for the damages to plaintiff outlined herein.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.  On January 16, 2019, Elizabeth Roach was operating an automobile traveling west on Breakwater Road in Cape May County, State of New Jersey.

8.  At the same time and place, Donald Walsh was operating an automobile owned by his mother Margaret Wilkinson, travelling west on Breakwater Road behind Ms. Roach.

9.  Donald Walsh, who was intoxicated and subsequently pled guilty to driving while intoxicated, failed to exercise due

care and crashed into the rear of Ms. Roach's car resulting in serious bodily injury to her.

10. As of January 16, 2019, Elizabeth Roach was insured under a policy of automobile insurance issued by Defendant Allstate Insurance Company, which included coverage for Uninsured/Underinsured Motorist Coverage in the amount of two hundred fifty thousand dollars ($250,000).

11. On or about December 9, 2019, Elizabeth Roach filed a Complaint by and through counsel against Donald Walsh and Margaret Wilkinson. See Complaint, Attached as Exhibit A.

12. On or about September 9, 2020, Plaintiff entered into a settlement with tortfeasor Defendants Donald Walsh and Margaret Wilkinson for ninety-five thousand dollars ($95,000) out of the one hundred thousand-dollar ($100,000) liability coverage limits available.

13. On or about May 22, 2020, Elizabeth Roach filed an Amended Complaint by and through counsel against Allstate Insurance Company for Uninsured/Underinsured Motorist Benefits. See Amended Complaint, Attached as Exhibit B.

14. Plaintiff asserted that she sustained serious and permanent spinal injuries that caused her significant pain and limitations on a daily basis and had a profound impact on her life since the accident.

15. At all times relevant herein, Elizabeth Roach continued to

suffer pain and limitations due to the January 16, 2019 car crash and continued to undergo treatment.

16. This treatment included but was not limited to: (1) lumbar medial branch block injections on September 23, 2020; (2) lumbar medial branch block injections on March 31, 2021; (3) lumbar medial branch block injections on October 20, 2021; and (4) lumbar radiofrequency ablations on February 1, 2022.

17. Over the course of the underlying litigation, upon receipt of medical records and bills from treating providers, counsel for plaintiff would produce said material to counsel for Defendant Allstate Insurance Company.

18. In the underlying litigation, Plaintiff retained as experts Interventional Pain Management Specialist Dr. Peter Pryzbylkowski, M.D. and Neurosurgeon Dr. Andrew Glass, M.D., who both concluded that Plaintiff suffered serious and permanent spinal injury as a result of the accident.

19. Plaintiff expert Dr. Glass further indicated that he believed surgical intervention was warranted, though Ms. Roach opted not to undergo surgery as she was in her seventies.

20. The discovery end date in the underlying litigation was June 2, 2021.

21. On or about October 13, 2021, counsel for Plaintiff contacted counsel for Defendant Allstate to ascertain their settlement position, with defense counsel suggesting  that plaintiff

4

counsel was naive if they thought Allstate would pay more than the arbitration award, which given the credit due to the settling tortfeasor, would have been negated.

22. Defense counsel left a voicemail later that day stating that Allstate was taking a no-pay position.

23. On January 26, 2022, counsel for Plaintiff contacted and spoke to counsel For Defendant to ascertain Allstate's settlement position with counsel for Defendant, with defense counsel relaying to Plaintiff counsel that Allstate had a no pay position on the underlying claim.

24. On February 7, 2022, all counsel conducted the *de bene esse* trial testimony of Dr. Andrew Grass, M.D.

25. February 21, 2022, all counsel conducted the *de bene esse* trial testimony of plaintiff expert Dr. Peter Pryzbylkowski, M.D.

26. On February 8, 2022, all counsel conducted the de bene esse trial testimony of plaintiff expert Dr. Andrew S. Glass, M.D.

27. The trial testimony of plaintiff's experts was supportive of plaintiff's position that she suffered serious and permanent injuries as a result of the January 16, 2019 crash with a credible demeanor and presentation.

28. Defendant Allstate had previously retained as an expert Orthopedic Surgeon Dr. John A. Cristini, M.D., who concluded that Plaintiff had permanent spinal damage, but opined that

it was not related to the accident.

29. On February 17, 2022, the parties conducted the de bene esse trial testimony of defense expert Dr. Cristini.

30. As part of his testimony, Dr. Cristini made a number of damaging admissions including providing that upon review of post-accident diagnostic studies he saw additional findings not addressed in his narrative report(s) that could have been caused by the accident.

31. Upon information and belief, this information was relayed to Defendant as part of their claims evaluation process.

32. Defendant Allstate Insurance Company has a responsibility in its evaluation of claims to act fairly and in good faith consistent with its common law and contractual obligations and must be a thoroughly honest, intelligent, and objective one.

33. This responsibility encompasses considering not just those facts favorable to the defense or the view of the carrier or its counsel, but consideration of the anticipated range of a verdict, the strengths and weaknesses of all the evidence to be presented, the relative appearance and persuasiveness of the witnesses, and what a jury could be justified in finding from the evidence to be presented.

34. Defendant Allstate Insurance Company is a sophisticated corporate entity engaged in the insurance industry with

decades of experience in adjusting and evaluating claims generally, and personal injury claims arising from automobile accidents specifically.

35. Defendant Allstate Insurance Company obtains regular updates regarding the status of paper discovery, depositions, expert discovery, *de bene esse* depositions, trial developments, and new developments generally in litigation.

36. Upon information and belief, Defendant Allstate Insurance Company obtained such updates in the instant matter after the enactment of the IFCA as the treatment of plaintiff continued, the parties obtained expert trial testimony, and otherwise prepared for trial.

37. At a December 23, 2022 telephonic management conference before the Honorable Sarah Beth Johnson, J.S.C. a trial date for February 2, 2023 was set.

38. On January 30, 2023, counsel for Plaintiff reached out to counsel for Defendant to ascertain Allstate's settlement position given the expert trial testimony obtained and the ongoing treatment of Elizabeth Roach.

39. In response, defense counsel stated that Allstate was denying the claim and not offering anything towards the settlement of the case.

40. The matter proceeded to trial on February 6, 2023, and resulted in a February 8, 2023 verdict in favor of Plaintiff

Elizabeth Roach in the amount of four million dollar ($4,000,000).

41. On February 22, 2023, the Court entered Judgment molding the verdict based on the underlying Uninsured/Underinsured Motorist Coverage without prejudice to any bad faith rights or claims of Plaintiff. <u>See</u> Order Entering Judgment, Attached as Exhibit C.

<div align="center">

**COUNT I — COMMON LAW BAD FAITH**
**ELIZABETH ROACH v. ALLSTATE INSURANCE COMPANY, JOHN DOE (1-10) fictitious names, and JOHN DOE, INC. (1-10) fictitious names**

</div>

42. Plaintiff incorporates the prior paragraphs of the Complaint by reference as if fully stated herein.

43. This Count is pled pursuant to common law obligations related to fiduciary duty and/or good faith and fair dealing.

44. Defendant Allstate Insurance Company's no-pay position in the instant matter ignored, discounted, and/or failed to take into consideration the totality of the evidence and what a reasonable trier of fact might determine based on the significance of the injuries claimed by Plaintiff, the absence of meaningful similar issues in Plaintiff's prior medical history, the testimony of Plaintiff regarding the severity of the impact the accident had on her life, and the testimony of Plaintiff's experts concluding that Plaintiff suffered serious and permanent spinal injuries as a result of the subject accident.

45. Throughout the course of this litigation, Plaintiff submitted more than sufficient evidence of the seriousness and permanency of her injuries and that they were proximately caused by the subject accident.

46. More specifically, there was no liability dispute in the instant matter with Plaintiff being struck by a drunk driver at a high rate of speed.

47. The crash resulted in significant property damage to her vehicle, presentation to the hospital, and subsequent complaints and treatment distinct from anything in her prior medical records.

48. Plaintiff who was 69 years old at the time of the crash, testified as to the debilitating impact her injuries had on her life and ability to help care for her grandchild who lived with her.

49. Plaintiff also provided the expert reports and testimony opining that she suffered serious and permanent injuries as a result of the January 16, 2019 crash.

50. Allstate Insurance Company's conduct in the instant litigation represents an unreasonable denial of Plaintiff's claims in violation of their contractual and/or common law duties of good faith and fair dealing because it failed to consider the totality of the facts, disregarded facts favorable to plaintiff, and failed to take into account what

a reasonable jury would be justified in finding in the instant matter.

51. As a result of the tortious conduct of Donald Walsh and Defendant Allstate's misconduct as more specifically delineated herein, Plaintiff was caused to suffer a violation of the duty of good faith and fair dealing, and consequential and actual damages as determined by the jury, incur significant attorneys' fees and costs associated with the pursuit of her underlying claim, prejudgment interest, and has suffered significant emotional distress, upset, anxiety, and worry due to the misconduct of Defendant Allstate.

WHEREFORE, plaintiff demands judgment in her favor and against defendant Allstate Insurance Company, John Doe (1-10) fictitious names, and John Doe, Inc. (1-10) fictitious names individually, jointly, severally, and in the alternative in an amount sufficient to compensate her for her damages under the laws of the State of New Jersey, together with costs of suit, prejudgment and post-judgment interest, and reasonable counsel fees and such further relief as the Court may deem just and appropriate.

**COUNT II – STATUTORY BAD FAITH**
**ELIZABETH ROACH v. ALLSTATE INSURANCE COMPANY, JOHN DOE (1-10)**
**fictitious names, and JOHN DOE, INC. (1-10) fictitious names**

52. Plaintiff incorporates the prior paragraphs of the Complaint by reference as if fully stated herein.

53. This Count is pled pursuant to the New Jersey Insurance Fair Conduct Act ("IFCA") N.J.S.A. 17:29BB-1, *et seq*.

54. On January 18, 2022, Governor Philip D. Murphy signed the IFCA into law.

55. On January 26, 2022, counsel for Plaintiff contacted counsel for Defendant to ascertain the position of Allstate Insurance Company as to settlement in the instant matter.

56. In response, defense counsel conveyed that Allstate was taking a no-pay position.

57. Thereafter, the parties obtained the trial testimony of their respective experts.

58. Furthermore, Elizabeth Roach continued to undergo treatment with the records related thereto being provided to the defense in discovery.

59. After a number of adjournments, trial was scheduled for February 2023.

60. On January 26, 2023, plaintiff counsel reached out to defense counsel to ascertain Allstate's settlement position given the expert testimony that had been elicited and the ongoing treatment of Elizabeth Roach.

61. In response, defense counsel stated that Allstate was taking a no-pay position and denying the claim.

62. Defendant Allstate Insurance Company's January 26, 2022 statement, by and through defense counsel, that it was taking a no-pay position, was a denial of the instant claim that occurred subsequent to the enactment of the IFCA.

63. Additionally and/or in the alternative, such communication and/or position was a delay of the instant matter because it resulted in a year of further litigation culminating in a trial in February of 2023.

64. Furthermore, after the enactment of the IFCA on January 18, 2022, the instant litigation continued with ongoing treatment and the testimony of the parties' experts being obtained in advance of trial.

65. Upon information and belief, Allstate Insurance Company received reports and updates regarding the status of the underlying matter throughout 2022 and through trial in February of 2023.

66. Given the additional information received and/or reviewed by Allstate Insurance Company, consisting of ongoing treatment and the trial testimony elicited by the experts for plaintiff and the defense, Allstate's January 30, 2023 no-pay position represents a discrete and separate denial of the claim that occurred after the enactment of the IFCA.

67. Additionally, and/or in the alternative, such denial resulted in further delay of the matter through to trial in February of 2023.

68. Throughout the course of this litigation and through to trial, Plaintiff submitted more than sufficient evidence of the seriousness and permanency of her injuries and that they were proximately caused by the subject accident such that reasonable minds could conclude that Allstate Insurance Company acted in bad faith in that its investigation, evaluation, and processing of Plaintiff's claim for Uninsured/Underinsured Motorist Benefits was unreasonable.

69. Allstate Insurance Company's conduct in the instant litigation represents an unreasonable denial of Plaintiff's claims for benefits pursuant to N.J.S.A. 17:29BB-1, *et seq*.

70. As a result of the tortious conduct of Donald Walsh and Defendant Allstate's misconduct as more specifically delineated herein, Plaintiff was caused to suffer a violation of her statutory rights, actual damages as determined by the jury, prejudgment interest, incur significant attorneys' fees and costs associated with the pursuit of her underlying claim, and has suffered significant emotional distress, upset, anxiety, and worry due to the misconduct of Defendant Allstate.

WHEREFORE, plaintiff demands judgment in her favor and against defendant Allstate Insurance Company, John Doe (1-10) fictitious names, and John Doe, Inc. (1-10) fictitious names individually, jointly, severally, and in the alternative in an amount sufficient to compensate her for her damages under the laws of the State of New Jersey, together with costs of suit, prejudgment and post-judgment interest, and reasonable counsel fees and such further relief as the Court may deem just and appropriate.

BARRY, CORRADO & GRASSI, P.C.
Attorneys for plaintiff

By: _____

Dated: December 29, 2023      OLIVER T. BARRY, ESQUIRE

**DESIGNATION OF TRIAL COUNSEL**

The Court is advised that Oliver T. Barry, Esq. is hereby designated as trial counsel.

**JURY DEMAND**

Plaintiff hereby demands trial by jury of the damages and punitive damage and all issues involved in this action.

BARRY, CORRADO & GRASSI, P.C.

_____
OLIVER T. BARRY, ESQUIRE
Attorney for plaintiff

Dated: December 29, 2023

**EXHIBIT A**

OLIVER T. BARRY, ESQUIRE
Attorney ID # 082282013
BARRY, CORRADO, GRASSI & GILLIN-SCHWARTZ, P.C.
2700 Pacific Avenue
Wildwood, New Jersey 08260
(P) (609) 729-1333 (F) (609) 522-4927
obarry@capelegal.com
Attorneys for Plaintiff

| | |
|---|---|
| ELIZABETH ROACH and NORMAN ROACH,<br>Plaintiffs,<br><br>v.<br><br>DONALD WALSH, MARGARET WILKINSON,<br>JOHN DOE (1-10) fictitious names,<br>and John Doe, Inc. (1-10)<br>fictitious names,<br>Defendants. | SUPERIOUR COURT OF NEW JERSEY<br>CAPE MAY COUNTY – LAW DIVISION<br>DOCKET NO.: CPM-L<br><br>CIVIL ACTION<br><br>**COMPLAINT, JURY DEMAND, DEMAND<br>FOR PRODUCTION OF DOCUMENTS,<br>DEMAND FOR FORM C AND C(2) UNIFORM<br>INTERROGATORIES, SUPPLEMENTAL<br>INTERROGATORIES, AND DEMAND FOR<br>INSURANCE INFORMATION** |

Plaintiffs by way of complaint against defendants, hereby state:

1.  Plaintiff Elizabeth Roach is an adult individual currently residing in the City of Cape May, County of Cape May, State of New Jersey.

2.  Plaintiff Elizabeth Roach is an adult individual currently residing in the City of Cape May, County of Cape May, State of New Jersey.

3.  Defendant Donald Walsh is an adult individual currently residing in the City of Cape May, County of Cape May, State of New Jersey.

4.  Defendant Margaret Wilkinson is an adult individual currently residing in the City of Cape May, County of Cape May, State of New Jersey.

1

5.  John Doe (1-10) fictitious names are heretofore unidentified individuals who operated and/or owned the vehicle that struck Plaintiff and/or were negligence or otherwise responsible for the damages to Plaintiff outlined herein.

6.  John Doe, Inc. (1-10) fictitious names are heretofore unidentified legal entities who were negligence or otherwise responsible for the damages to plaintiff outlined herein.

7.  On January 16, 2019, Defendant Elizabeth Roach was operating a 2011 Lexus ES car travelling west on Breakwater Road near the intersection with Shunpike Road.

8.  On January 16, 2019, Defendant Donald Walsh and/or John Doe (1-10) fictitious names was a permissive user operating a 2010 Ford Edge owned by Defendant Margaret Wilkinson and/or John Doe (1-10) fictitious names travelling behind Plaintiff Elizabeth Roach west on Breakwater Road near the intersection with Shunpike Road.

9.  Plaintiff Elizabeth Roach stopped for traffic.

10. Defendant Donald Walsh's car crashed into the rear of Plaintiff Elizabeth Roach's car.

11. As a result of the negligence, carelessness, and/or recklessness of defendant(s), plaintiff was caused to suffer bodily injury and other losses including, but not limited to permanent scarring and disfigurement, a loss of earnings and a depreciation of earning capacity, loss of activities, mental

2

pain and suffering, psychological/psychiatric injury, embarrassment, humiliation and degradation, the loss of the normal pleasures and enjoyment of life, as well as having to receive and undergo medical attention and has come to expend various sums of money and to incur various expenses for the injuries suffered and may have to expend such sums in the future and is entitled to reimbursement for medical expenses including but not limited to, out of pocket expenses, deductible and co-payment out of pocket expenses, all health insurance liens, Medicare liens, Medicaid liens, and any other reimbursement due for any reasonable and necessary medical expenses incurred or to be incurred as a result of this incident.

### COUNT I – NEGLIGENCE
ELIZABETH ROACH v. DONALD WALSH & JOHN DOE (1-10) fictitious names

12. Plaintiff incorporates the prior paragraphs of the Complaint here by reference.

13. Donald Walsh and/or John Doe (1-10) fictitious names was a permissive user of the vehicle he was operating.

14. Donald Walsh failed to exercise reasonable care in that he failed to pay attention, failed to keep a proper lookout, followed too closely, was travelling at an unsafe rate of speed, and/or as discovery may reveal.

15. Defendant's negligence was the actual and proximate cause of the collision.

16. As a proximate and actual result of defendant's negligence,

Plaintiff Elizabeth Roach suffered bodily injury and/or other harm as delineated herein.

WHEREFORE, plaintiff Elizabeth Roach demands judgment in her favor and against defendants Donald Walsh, Margaret Wilkinson, John Doe (1-10) fictitious names, and John Doe, Inc. (1-10) fictitious names individually, jointly, severally, and in the alternative in an amount sufficient to compensate her for her damages under the laws of the State of New Jersey, together with costs of suit, reasonable counsel fees and such further relief as the Court may deem just and appropriate.

### COUNT II – NEGLIGENCE

ELIZABETH ROACH v. MARGARET WILKINSON, JOHN DOE (1-10) fictitious names, JOHN DOE, INC. (1-10) fictitious names

17. Plaintiff incorporates the prior paragraphs of the Complaint here by reference.

18. The subject 2010 Ford Edge was owned by Defendant Margaret Wilkinson and/or John Doe (1-10) fictitious names, and/or John Doe, Inc. (1-10) fictitious names.

19. The operator of the subject vehicle, Donald Walsh and/or John Doe (1-10) fictitious names was, as of the date and time of the collision, acting as an agent, servant, employee, or otherwise acting on behalf of defendants Margaret Wilkinson, and/or John Doe (1-10) fictitious names, and/or John Doe, Inc. (1-10) fictitious names.

4

20. Additionally and in the alternative, Defendants Margaret Wilkinson, and/or John Doe (1-10) fictitious names, and/or John Doe, Inc. (1-10) fictitious names were independently negligent in that they knew or should have known of Defendant Donald Walsh and/or John Doe (1-10) fictitious names' history of driving while intoxicated and/or that he was otherwise a dangerous driver.

21. As a proximate result of Defendants' negligence, Plaintiff Elizabeth Roach was caused to suffer harm.


WHEREFORE, plaintiff Elizabeth Roach demands judgment in her favor and against defendants Donald Walsh, Margaret Wilkinson, John Doe (1-10) fictitious names, and John Doe, Inc. (1-10) fictitious names individually, jointly, severally, and in the alternative in an amount sufficient to compensate her for her damages under the laws of the State of New Jersey, together with costs of suit, reasonable counsel fees and such further relief as the Court may deem just and appropriate.

### COUNTY III – LOSS OF CONSORTIUM
NORMAN ROACH v. DONALD WALSH, MARGARET WILKINSON, JOHN DOE (1-10) fictitious names, JOHN DOE, INC. (1-10) fictitious names

22. Plaintiff incorporates the prior paragraphs of the Complaint here by reference.

23. Norman Roach is the legally married spouse of Elizabeth Roach.

24. As a result of Defendants' negligence and the serious injury

to Elizabeth Roach, Norman Roach has suffered a loss of impairment of the services, society, and consortium of his spouse.

WHEREFORE, plaintiff Norman Roach demands judgment in her favor and against defendants Donald Walsh, Margaret Wilkinson, John Doe (1-10) fictitious names, and John Doe, Inc. (1-10) fictitious names individually, jointly, severally, and in the alternative in an amount sufficient to compensate her for her damages under the laws of the State of New Jersey, together with costs of suit, reasonable counsel fees and such further relief as the Court may deem just and appropriate.

### COUNTY IV – PUNITITVE DAMAGES

ELIZABETH ROACH v. DONALD WALSH, JOHN DOE (1-10) fictitious names

25. Plaintiff incorporates the prior paragraphs of the Complaint here by reference.

26. Defendant Donald Walsh was intoxicated at the time of the subject accident.

27. The collision was caused by Donald Walsh's unlawful operation of the subject vehicle while intoxicated.

28. Defendant Donald Walsh has a history of driving under the influence of drugs or alcohol, for which he has previously been convicted/pled guilty to driving while intoxicated.

29. Defendant Donald Walsh's consumption of a substantial amount of alcohol prior to operating his vehicle the day of the

collision, combined with his history and knowledge with respect to alcoholism, the consumption of alcohol, and his convictions for driving while intoxicated combined to constitute intentional wrongdoing in the sense of an "evil minded act" accompanied a wanton and willful disregard for the safety of Plaintiff Elizabeth Roach, as well as other motorists and pedestrians.

30. Any resulting judgment from Defendant Donald Wilson is not dischargeable in bankruptcy, due to 11 U.S.C. 523(a)(6), (9), because of Defendant's unlawful operation of a motor vehicle due to intoxication resulting in injuries to Plaintiff Elizabeth Roach.

WHEREFORE, plaintiff Elizabeth Roach demands judgment in her favor and against defendants Donald Walsh for Punitive Damages under the laws of the State of New Jersey, together with costs of suit, reasonable counsel fees and such further relief as the Court may deem just and appropriate.

BARRY, CORRADO, GRASSI
& GILLIN-SCHWARTZ, P.C.
Attorneys for plaintiff

By: _____
Oliver T. Barry, ESQUIRE

Dated: December 9, 2019

### DEMAND FOR JURY TRIAL

Jury trial is demanded on all issues raised herein.

### DESIGNATION OF TRIAL COUNSEL

TAKE NOTICE that Oliver T. Barry, Esquire is hereby designated as trial counsel in the above captioned litigation for the firm of Barry, Corrado, Grassi & Gillin-Schwartz, P.C. pursuant to *R.* 4:5-1.

### R. 4:5-1 CERTIFICATION

I certify the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated, except as follows:  None.

There are no other known necessary parties, other than any presently unknown defendants, designated herein as fictitious defendants, John Does 1-10.

### CONFIDENTIAL PERSONAL IDENTIFIERS

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

### DEMAND FOR INSURANCE INFORMATION

**PLEASE TAKE NOTICE** that pursuant to R. 4:10-2(b), plaintiff hereby demands production of a copy of any and all insurance agreements, COMPLETE COPIES OF THE POLICIES AND NOT MERELY THEIR DECLARATION PAGES, under which defendant(s) may be covered to satisfy part of all of any judgement which may be entered in this matter and/or to defend, indemnify, or reimburse defendant.

8

<u>**DEMAND FOR ANSWERS TO FORM INTERROGATORIES**</u>

**PLEASE TAKE NOTE** that pursuant to R. 4:17-1(b)(ii) demand is hereby made for answers to Uniform Interrogatories as set forth in Appendix II to the Rules Governing the Courts of the State of New Jersey and within the time prescribed by the Rules of this Court.

<div style="margin-left: 40%;">

BARRY, CORRADO, GRASSI &
GILLIN-SCHWARTZ, P.C.
Attorneys for plaintiff

By: _____
    OLIVER T. BARRY, ESQUIRE

</div>

Dated: December 9, 2019

# Civil Case Information Statement

## Case Details: CAPE MAY | Civil Part Docket# L-000480-19

**Case Caption:** ROACH ELIZABETH  VS WALSH DONALD

**Case Initiation Date:** 12/09/2019

**Attorney Name:** OLIVER T BARRY

**Firm Name:** BARRY CORRADO, GRASSI & GILLIN-
SCHWARTZ, PC

**Address:** 2700 PACIFIC AVE

WILDWOOD NJ 08260

**Phone:** 6097291333

**Name of Party:** PLAINTIFF : Roach, Elizabeth

**Name of Defendant's Primary Insurance Company**

(if known): ALLSTATE NEW JERSEY INS CO

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (VERBAL
THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

      **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

      **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO      **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>12/09/2019</u>

Dated

<u>/s/ OLIVER T BARRY</u>

Signed

**EXHIBIT B**

SUZANNE PASLEY, ESQUIRE
Attorney ID # 024041983
BARRY, CORRADO, GRASSI & GILLIN-SCHWARTZ, P.C.
2700 Pacific Avenue
Wildwood, New Jersey 08260
(P) (609) 729-1333 (F) (609) 522-4927
spasley@capelegal.com
*Attorneys for Plaintiffs*

| | |
|---|---|
| ELIZABETH ROACH and NORMAN ROACH,<br>Plaintiffs,<br><br>v.<br><br><br>DONALD WALSH, MARGARET WILKINSON,<br>ALLSTATE INSURANCE COMPANY, and<br>JOHN DOES (1-10) Fictitious<br>Parties<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>CAPE MAY COUNTY - LAW DIVISION<br>DOCKET NO.: CPM-L-480-19<br>CIVIL ACTION<br><br>**AMENDED COMPLAINT, JURY DEMAND,<br>AND WITH RESPECT TO DEFENDANT<br>ALLSTATE INSURANCE COMPANY,<br>REQUEST FOR PRODUCTION OF<br>DOCUMENTS, DEMAND FOR FORM C AND<br>C(1)UNIFORM INTERROGATORIES,<br>SUPPLEMENTAL INTERROGATORIES, AND<br>DEMAND FOR INSURANCE INFORMATION** |

Plaintiffs, by way of Amended Complaint against defendants, hereby
state:

1. Plaintiff Elizabeth Roach is an adult individual currently
   residing in the Township of Lower, County of Cape May, State
   of New Jersey.

2. Plaintiff Norman Roach is an adult individual currently
   residing in the Township of Lower, County of Cape May, State
   of New Jersey.

3. Defendant Donald Walsh is an adult individual currently
   residing in the Township of Lower, County of Cape May, State
   of New Jersey.

4. Defendant Margaret Wilkinson is an adult individual currently

residing in the Township of Lower, County of Cape May, State of New Jersey.

5. John Doe (1-10) are fictitious parties, persons or entities.

## COUNT I
## NEGLIGENCE

6. Plaintiffs incorporate the previous paragraphs of the Amended Complaint by reference.

7. On January 16, 2019, Elizabeth Roach was operating her vehicle travelling west on Breakwater Road near the intersection with Shunpike Road in Lower Township, New Jersey.

8. At the same time and place, Donald Walsh was operating a vehicle owned by Margaret Wilkinson, and was also traveling west on Breakwater Road.

9. Elizabeth Roach stopped for traffic, and defendant Donald Walsh's car crashed into the rear of her car, causing her serious bodily injury.

10. Donald Walsh failed to exercise reasonable care in that he failed to pay attention, failed to keep a proper lookout, followed too closely, was travelling at an unsafe rate of speed, operated his car while intoxicated, and/or failed to otherwise act prudently as discovery may reveal.

11. Donald Walsh was negligent, and his negligence is a proximate cause of injury to Elizabeth Roach.

12. Margaret Wilkinson owned the vehicle operated by Donald Walsh,

who at the time of the accident was acting as her agent, servant and/or employee.

13. Margaret Wilkinson knew or should have known that Donald Walsh was intoxicated at the time he was driving her vehicle, and knew or should have known of Donald Walsh's history of driving while intoxicated, and/or that he was otherwise a dangerous driver.

14. The negligence of Margaret Wilkinson is a a proximate cause of injury to Elizabeth Roach.

15. As a direct and proximate result of the negligence, carelessness, and/or recklessness of defendants Donald Walsh and Margaret Wilkinson, plaintiff Elizabeth Roach sustained and suffered personal injury, both temporary and permanent in nature; has experienced and will continue to experience pain, suffering, and disability; has been prevented from and will continue to be prevented from performing and engaging in her everyday activities; has sustained economic loss, including a loss of earnings and a depreciation of earning capacity; sustained mental pain and suffering, psychological/psychiatric injury, embarrassment, humiliation and degradation; the loss of the normal pleasures and enjoyment of life; as well as having to receive and undergo medical attention; and has come to expend various sums of money and to incur various expenses for the injuries suffered, and may have to expend such sums in the future, and is entitled to reimbursement for medical expenses

including but not limited to, out of pocket expenses, deductibles and co-payments, all health insurance liens, Medicare liens, Medicaid liens, and any other reimbursement due for any reasonable and necessary medical expenses incurred or to be incurred as a result of this incident.

**COUNT II**
**UNDERINSURED MOTORIST CLAIM**

16. Plaintiffs incorporate the previous paragraphs of the Amended Complaint by reference.

17. On January 16, 2019, Elizabeth Roach and Norman Roach were insured under a policy of automobile insurance issued by defendant Allstate Insurance Company, which policy provided underinsured motorist coverage.

18. Plaintiffs Elizabeth Roach and Norman Roach are legally and contractually entitled to underinsured motorist coverage under that policy and make a claim for underinsured motorist benefits under that policy.

19. This claim for underinsured motorist benefits under this policy is being filed within the six-year limitations period for such claims.

**COUNT III**
**LOSS OF CONSORTIUM**

20. Plaintiffs incorporate the previous paragraphs of the Amended Complaint by reference.

21. As of January 16, 2019, Norman Roach was the husband of Elizabeth

Roach, and has been for all times thereafter.

22. Due to the injuries of Elizabeth Roach, referenced herein, Norman Roach has suffered a loss of consortium as the injuries to his wife have impacted him, caused him to have to take care of his wife, and/or have otherwise impacted the quality of his marriage.

**COUNT IV**
**JOHN DOES 1-10, FICTITIOUS PARTIES**

23. Plaintiffs incorporate the previous paragraphs of the Amended Complaint by reference.

24. John Does 1-10, fictitious parties, are persons or entities, whose identities are not yet known despite reasonable diligence to discover them, and who negligently operated and/or owned a motor vehicle[s] at the time and place in question; and/or who negligently entrusted or leased a motor vehicle to defendant Donald Walsh; and/or who failed to maintain a vehicle involved in the accident; and/or who were otherwise negligent, and whose negligence proximately caused plaintiff's personal injury to Elizabeth Roach and a loss of consortium to Norman Roach; and/or of whom defendant Donald Walsh was an agent, servant, and/or employee, and who may be vicariously liable for plaintiffs' damages; and/or who negligently, carelessly, and/or recklessly supplied alcohol to Donald Walsh as a social host or under NJ Liquor Liability Law.

25. As a direct and proximate result of the negligence of defendants John Does 1-10, fictitious parties, persons or entities, plaintiff Elizabeth Roach sustained and suffered personal injury, both temporary and permanent in nature; has experienced and will continue to experience pain, suffering, and disability; has been prevented from and will continue to be prevented from performing and engaging in her everyday activities; has sustained economic loss, including a loss of earnings and a depreciation of earning capacity; sustained mental pain and suffering, psychological/psychiatric injury, embarrassment, humiliation and degradation; the loss of the normal pleasures and enjoyment of life; as well as having to receive and undergo medical attention; and has come to expend various sums of money and to incur various expenses for the injuries suffered, and may have to expend such sums in the future, and is entitled to reimbursement for medical expenses including but not limited to, out of pocket expenses, deductibles and co-payments, all health insurance liens, Medicare liens, Medicaid liens, and any other reimbursement due for any reasonable and necessary medical expenses incurred or to be incurred as a result of this incident; and plaintiff Norman Roach has suffered a loss of consortium.

WHEREFORE, plaintiff Elizabeth Roach demands judgment in her favor and against defendants Donald Walsh, Margaret Wilkinson, Allstate Insurance Company, and   John Does (1-10), fictitious parties, persons or entities, individually, jointly, severally, and in the alternative in an amount sufficient to reasonably and properly compensate her for pain and suffering, impairment, disability, loss of enjoyment of life, medical and economic losses; *and* plaintiff Norman Roach demands judgment against these defendants for such sums as will reasonably compensate him for loss of consortium, together with interest and costs; and such other relief the Court deems equitable and just, in accordance with the laws of the State of New Jersey.

### COUNT V
### PUNITITVE DAMAGES

26. Plaintiffs incorporate the previous paragraphs of the Amended Complaint by reference.

27. Defendant Donald Walsh was intoxicated at the time of the subject accident.

28. The collision was caused by Donald Walsh's unlawful operation of the subject vehicle while intoxicated.

29. Defendant Donald Walsh has a history of driving under the influence of drugs and/or alcohol, for which he has previously been convicted/pled guilty to driving while intoxicated.

30. Defendant Donald Walsh's consumption of a substantial amount

of alcohol prior to operating his vehicle the day of the collision, combined with his history and knowledge with respect to alcoholism, his consumption of alcohol, and his convictions for driving while intoxicated combined to constitute intentional wrongdoing in the sense of an "evil-minded act" and accompanied a wanton and willful disregard for the safety of plaintiff Elizabeth Roach, as well as other motorists and pedestrians.

31. Any resulting judgment against defendant Donald Walsh is not dischargeable in bankruptcy, under 11 U.S.C. 523(a)(6), (9), because of his unlawful operation of a motor vehicle due to intoxication resulting in injuries to plaintiff Elizabeth Roach.


WHEREFORE, plaintiffs Elizabeth Roach and Norman Roach demand judgment in their favor and against defendant Donald Walsh for punitive damages under the laws of the State of New Jersey, together with costs of suit, reasonable counsel fees, and such further relief as the Court may deem just and appropriate.

BARRY, CORRADO, GRASSI
& GILLIN-SCHWARTZ, P.C.

By: _____
Dated: May 22, 2020      Suzanne Pasley, Esquire

8

## DEMAND FOR JURY TRIAL

Jury trial is demanded on all issues raised herein.

## DESIGNATION OF TRIAL COUNSEL

TAKE NOTICE that Oliver T. Barry, Esquire is hereby designated as trial counsel in the above captioned litigation for the firm of Barry, Corrado, Grassi & Gillin-Schwartz, P.C. pursuant to *R.* 4:5-1.

## R. 4:5-1 CERTIFICATION

I certify the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated, except as follows:  None.

There are no other known necessary parties, other than any presently unknown defendants, designated herein as fictitious defendants, John Does 1-10.

## DEMAND FOR INSURANCE INFORMATION FROM DEFENDANT ALLSTATE INSURANCE COMPANY

**PLEASE TAKE NOTICE** that pursuant to R. 4:10-2(b), plaintiff hereby demands production of a copy of any and all insurance agreements, COMPLETE COPIES OF THE POLICIES AND NOT MERELY THEIR DECLARATION PAGES, under which defendant(s) may be covered to satisfy part of all of any judgement which may be entered in this matter and/or to defend, indemnify, or reimburse defendant.

## DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES FROM DEFENDANT ALLSTATE INSURANCE COMPANY

**PLEASE TAKE NOTE** that pursuant to R. 4:17-1(b)(ii) demand is hereby made for answers to Uniform Interrogatories Form C and C(1) as set forth in Appendix II to the Rules Governing the Courts of the State of New Jersey and within the time prescribed by the Rules of this Court.

## DEMAND FOR ANSWERS TO SUPPLEMENTAL INTERROGATORIES FROM DEFENDANT ALLSTATE INSURANCE COMPANY

**PLEASE TAKE NOTE** that pursuant to R. 4:17-1, demand is hereby made for answer to the following supplemental interrogatories:

1. Please state whether there is any bona fide dispute as to the authenticity of any and all medical bills, obtained through discovery by either party, for treatment received due to the subject accident?  If so, set forth the factual basis for such dispute.

2. Please state whether there is any bona fide dispute as to the treatment reflected in any and all medical bills, obtained through discovery by either party, for treatment received due to the subject accident being causally related to the accident?  If so, set forth the factual basis for such dispute.

3. Please state whether there is any bona fide dispute as to treatment reflected in any and all medical bills, obtained through discovery by either party, for treatment received being medically necessary?  If so, set forth the factual basis for such dispute.

4. Please state whether there is any bona fide dispute as to the amounts reflected in any and all medical bills, obtained through discovery by either party, for treatment received being reasonable and customary?  If so, set forth the factual basis for such dispute.

5. Identify and provide a copy of any and all material, journal articles, studies, treatises, or other material relied upon and/or cited by defendant's experts in relation to any reports or conclusions rendered in this matter.

## REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM
## DEFENDANT ALLSTATE INSURANCE COMPANY

**PLEASE TAKE NOTICE** that pursuant to R. 4:18-1, plaintiff demands the production of the following documents to counsel for plaintiff, Barry, Corrado, Grassi & Gillin-Schwartz, P.C., located at 2700 Pacific Avenue Wildwood, New Jersey within 35 days of the filing of an answer in this matter as follows in the schedule below.

**PLEASE BE ADVISED** that should defendant object to any of the below requests for production on the basis of privilege, plaintiff demands the production of a privilege log delineating the documents withheld and the nature of the privilege asserted.

1. A copy of any and all accident/incident reports or other documentation prepared by any agent, servant, or employee of defendants contemporaneously with the incident or incidents that relate to this complaint.

2. All insurance agreements and policies maintained by defendant(s) effective as of the date of the accident/incident at issue in accordance with R. 4:10-2(b).

3. Copies of any and all statements of any party to this action, their agents, servants, or employees.

4. Copies of any and all statements by any eyewitnesses or any other witness statements relevant to the subject matter of the instant litigation.

5. Copies of any and all expert reports pertaining to liability, damages, or otherwise.

6. Copies of any and all photographs, sketches, diagrams, videotapes, recordings, or other documentary evidence of the plaintiff generally and also pertaining to the underlying incident.

7. Copies of any and all expert reports pertaining to liability, damages, or otherwise, as well as a copy of the Curriculum Vitae,

11

of any and all experts that have supplied reports, whose testimony will be offered at the trial of the above matter.

8.  Any and all articles, books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to and/or utilized by or relied upon by any expert witness intended to be called at trial.

9.  Any and all blueprints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, models or other visual reproductions of any object, place or thing prepared or utilized by, referred to or relied upon by any expert witness intended to be called at the time of trial.

10. All calculations performed by the expert or any assistant(s) to the expert.

11. All paperwork generated by the expert or any assistant(s) of the expert in connection with this case.

12. Copies all reports generated by the expert(s) of the responding party, or their assistant(s), in any matters similar to this case in which they have provided reports during the last 10 years.

13. All photographs, charts, diagrams, maps and other pictorial or graphic depictions of any matter relevant to the action whether in the possession of or under the control of or available to the party or in the possession of any representative of that party's insurance carrier, including but not limited to depictions of the condition of and/or damage to physical property.

14. Any documents or materials which may be used by the responding party under *Evidence Rule* 803(c)(18).

15. Complete and clearly readable copies of any and all writings, documents or physical evidence reviewed by any such expert in the preparation of a report, written or oral.

16. Copies of any hospital/medical records that the party to whom this demand is directed, or his/her/their representatives, employees or attorneys have obtained pursuant to *N.J.S.A.* 2A:82-41, et seq., or otherwise.

17. Copies of any and all statements from the defendant, employees of the defendant, or the employees of sub-contractors pursuant to *Werkheiser v. T.E. Warren, Inc.,* 142 *N.J. Super.* 405 (1976) and *Branca v. Shore Memorial Hospital*, 182 *N.J. Super.* 315 (1981), including all statements in the possession of defendant, defendant's counsel, defendant's insurance company and/or any other person or entity known to defendant. NOTE: If you object on the grounds of Attorney Work Product and/or Attorney-Client Privilege, state:

    a. From whom the statement was taken;

    b. By whom the statement was taken;

    c. The date the statement was taken; and

    d. The name and address of the person and/or entity who has possession of the statement.

18. All transcripts of any deposition, Court proceeding or testimony with respect to this incident.

19. Any and all discovery received from any other party to this action.

20. Any and all documents or writings of whatever kind or description which could be relied upon or which may be relied upon in establishing any claim or in rebutting any known or anticipated defense raised by any party.

21. All documents or materials relating to any facts which would or could affect the potential credibility of any person who might be a witness.

22. All documents or materials relevant to the authenticity, accuracy, or credibility of any document relevant to any issue in this case.

23. A copy of, or a description by category and location of, all documents, dates, compilations, and tangible things in the custody, or control of the party to whom this notice is addressed that are relevant to the disputed facts in this case.

24. Any surveillance films, tapes, videos, photographs and reports of surveillance performed or taken relevant to this case.

25. All reports or documents which relate to the medical, insurance claims, or litigation history of any party or potential witness in this case, including but not limited to any information from Insurance Services Office, Inc.

26. Any documents or materials which would tend to support a *bona fide* dispute within the meaning of *Evidence Rule* 101(a)(4) as to the authenticity of any document produced in this case.

**Please include the required R. 4:18-1 Certification with your response.**


BARRY, CORRADO, GRASSI
& GILLIN-SCHWARTZ, P.C.
Attorneys for plaintiff

By: _____
Suzanne Pasley, Esquire

Dated: May 22, 2020

14

**EXHIBIT C**

ERIKA LEZAMA-SIMONSON, ESQUIRE
Attorney ID # 246812018
BARRY, CORRADO & GRASSI, P.C.
2700 Pacific Avenue
Wildwood, New Jersey 08260
(P) (609) 729-1333 (F) (609) 522-4927
elezama@capelegal.com
*Attorneys for Plaintiffs*

| | |
|---|---|
| ELIZABETH ROACH and NORMAN ROACH,<br><br>      Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, JOHN DOE (1-10) FICTITIOUS NAMES, AND JOHN DOE, INC. (1-10) FICTITIOUS NAMES,<br>      Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CAPE MAY COUNTY - LAW DIVISION<br>   DOCKET NO.: CPM-L-480-19<br><br>CIVIL ACTION<br><br>**ORDER ENTERING JUDGMENT** |

THIS MATTER having come before the Court for a trial by jury, the issues have been tried and the jury having rendered its verdict on February 8, 2023 in favor of Plaintiff Elizabeth Roach and against Allstate Insurance Company in the amount of four million dollars ($4,000,000); and Allstate Insurance Company having an applicable policy of Underinsured/Uninsured in the amount of two hundred and fifty thousand dollars ($250,000), and considering the underlying settlement with the tortfeasor Defendant Donald Walsh for at or about the applicable policy limits of one hundred thousand dollars ($100,000);

IT IS ORDERED AND ADJUDGED on this <u>22nd</u> day of February, 2023, that the verdict is hereby molded and JUDGMENT IS ENTERED against Allstate Insurance Company in the amount of one hundred fifty thousand dollars ($150,000);

IT IS FURTHER ORDERED that the molding of the verdict and the entry of judgment in this matter is without prejudice to any bad faith interests, rights, or claims of Plaintiff to collect additional damages including but not limited to actual damages, attorneys' fees, costs, and pre and post-judgment interest against Defendant, whether based on common law or the New Jersey Insurance Fair Conduct Act, N.J.S.A. 17:29BB-1, *et seq*.

*Sarah Beth Johnson*
_____
Hon. Sarah Beth Johnson, J.S.C.